**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PENNIE F. KLEIN, ) | |
| ) | CASE NO.   4:05-cv-1737 |
| Plaintiff, ) | |
| ) | |
| v.            ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | **MEMORANDUM OF OPINION** |
| ) | Doc. No. 21 |
| Defendant. ) | |

This case is before the magistrate judge by the consent of the parties. Pending before the court is the petition of counsel for plaintiff, Pennie F. Klein ("Klein"), for approval of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Doc. No. 21. The Commissioner does not oppose the petition. Doc. No. 22.

I

On April 25, 2001, Klein filed an application for DIB, POD, and SSI. On April 3, 2001 she filed a claim for SSI alleging a disability onset date of September 23, 2000 and claiming that she was disabled due to "acute hypertensive anaphylactic reactions," a rash, hives, nausea, vomiting and headaches when exposed to environmental irritants and pollutants. Her application was denied initially and upon reconsideration. Klein timely requested an administrative hearing.

On October 20, 2004, Administrative Law Judge Roger W. Thomas ("ALJ") held a

hearing during which Klein, a medical expert, and a vocational expert testified. On January 10, 2005, the ALJ found Klein was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review. Klein filed an appeal to this court.

On July 11, 2006, this court vacated the decision of the Commissioner and remanded the case for further proceedings consistent with the court's opinion. Klein's counsel now requests attorney's fees in the amount of $3,120.00 for 10.4 hours work pursuant to § 406(b)(1). Counsel appends to her petition a notice of award from the Social Security Administration. The Commissioner does not oppose an award or oppose the amount of fees requested.

II

Section 406(B)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), the court observed that due deference should be given to the expression of the intentions of client and attorney in setting fees. The court also noted that although a 25% fee agreement between attorney

and client should not be viewed as reasonable per se, such a fee should be accorded a rebuttable presumption of reasonableness.  *Id*.  If deductions are to be made in the fee, they should generally be one of two types:  (1) deductions occasioned by counsel's improper conduct or ineffectiveness or (2) deductions to prevent a windfall resulting from either an inordinately large award or minimal effort expended.  *Id*.

Contingent fees may translate into large hourly rates.  A large hourly rate in a particular case, however, is not necessarily grounds for finding the rate to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of Health and Human Servs*., 900 F.2d 981, 982 (6th Cir. 1990).  A contingent fee which translates into a large hourly rate is per se reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the standard rate for such work in the relevant market.  *Hayes v. Secretary of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991).

In the instant case there is no indication of improper conduct or ineffectiveness of counsel.  Nor does the contingent fee requested represent a windfall.  Counsel details 10.40 hours of work in the matter before the court and would receive $300.00 per hour for her work.  The court takes notice that a hypothetical hourly rate of $300.00 resulting from a contingent fee is within the limit of twice the standard rate for such work in the relevant market and is, therefore, per se reasonable.

III

For the above reasons, the court grants the petition for attorney fees in the amount of $3,120.00 for 10.4 hours work, amounting to 25% of Klein's award.

IT IS SO ORDERED.

Date: May 22, 2009           <u>s/ Nancy A. Vecchiarelli</u>
                                        U.S. Magistrate Judge